IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAY ROBINSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-2599 |
| | : | |
| HENDERSON, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                            **JULY 17, 2024**

Plaintiff Tray Robinson, a prisoner at SCI Phoenix, filed this civil action pursuant to 42 U.S.C. § 1983 against the following Defendants, all of whom are employees at SCI Phoenix: (1) Sergeant Henderson; (2) Correctional Officer Love; (3) Correctional Officer Koshy; and (4) Correctional Officer Jordan.[1]  Compl. at 1-3, 14-15.[2]  The gist of Robinson's allegations is that he was subjected to excessive force and was given a false disciplinary sanction to "cover up the assault." *Id.* at 5.  He also alleged that he was held in the RHU for eight days after the disciplinary charges were dismissed, subjected to retaliation, and denied unspecified medical treatment.  *Id.* at 5, 17-18, 22.  Robinson sought to proceed *in forma pauperis*.

---

[1] Robinson included "et al." in the caption of his Complaint to reflect his intention to amend his complaint in the event he learns of additional individuals who may have "participated, colluded, conspired, covered up, or otherwise had knowledge or information" about the constitutional violations he alleged.  Compl. at 13, 15; *see also id.* at 5, 17.  He did not, however, allege any specific basis for liability against any unidentified individuals.  In other words, he used "et al." simply a placeholder and not to denote a particular unidentified individual or individuals who were actually responsible for violating his rights.

[2] The Court adopts the pagination supplied to Robinson's filings by the CM/ECF docketing system.

Before the Court had an opportunity to address Robinson's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and his Complaint, Robinson filed a "Request to Amend" and an Amended Complaint. ECF Nos. 5, 6. In his Request to Amend, Robinson asserts that he "want[s] to amend [his] complaint [to] add Defendants and legal claims" and also wants to know when he can "send in [his] supplemental complaint." ECF No. 5 at 1. Robinson also asks for an order compelling discovery. *Id.*

The Amended Complaint that Robinson submitted suggests that Robinson intends to bring claims against the following Defendants: (1) Correctional Officer Love; (2) Sgt Henderson; (3) Senkowski; (4) Bora; and (5) Ruiz. Am. Compl. at 2.[3] Koshy and Jordan are not identified as Defendants, although they appear in the allegations of the Amended Complaint. *Id.* at 4. The allegations also identified other people whom Robinson appears to be bringing claims against — Sipple, Annino, Terra, — even though they are not identified as Defendants and do not appear in the allegations.[4] *Id.* at 5-6. Although titled "Amended Complaint," the introduction to the pleading states that it is a "subsection" of Robinson's case. *Id.* at 2.

Robinson's filing of an amended complaint and his request, which suggests that he may be intending to add additional defendants or claims beyond what he has already presented, confuses the identities of the defendants and the nature and scope of the claims before the Court. "In general,

---

[3] The Amended Complaint is comprised of two documents titled "Amended Complaint," one of which is typewritten and one of which is a handwritten copy of the typewritten document. Robinson should note that he need only send one copy of his pleading to the Court. Additional copies or versions are not necessary.

[4] In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). In other words, "[e]ach Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) (internal quotations omitted) (emphasis in original).

an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (citations omitted). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* (citation omitted). Furthermore, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*). This means that any filing seeking to amend a complaint must name all of the defendants, list all claims against those defendants, and include all factual allegations in that pleading, rather than referring back to the initial complaint. *See Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012) ("[A]s a practical matter, the filing of amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff."), *report and recommendation adopted*, No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012). The Court is not authorized to permit piecemeal amendment or gradual supplementation of the operative pleading over time. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (internal quotations omitted)).

A supplemental complaint, which differs from an amended complaint, sets out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Thus, rather than set forth additional events that occurred before the original complaint was filed, as does a Rule 15(a) amendment, a supplemental pleading under Rule 15(d) presents more recent events." *Garrett*, 938 F.3d at 82. "Rule 15(d) thus promotes a complete adjudication of the dispute between the parties." *Id.* (citation omitted).

Robinson is representing himself (proceeding *pro se*) and may not have appreciated that his Amended Complaint would replace and supersede his Amended Complaint as the governing pleading in this matter.  He also might not have understood that the Court cannot disregard the Federal Rules of Civil Procedure to consider all of the allegations and claims he files at different times.  It is also not clear whether Robinson appreciated the distinction between an amended complaint and a supplemental complaint, and whether he has presented all his allegations related to the underlying events.  Accordingly, the Court will give Robinson an opportunity to file a complete and comprehensive second amended complaint in which he may bring all of his allegations and claims together in one pleading against all of the defendants he intends to sue in this case. *See Angelo v. NVR, Inc*., No. 18-523, 2020 WL 1443214, at *4 (D. Del. Mar. 24, 2020) ("Plaintiff is reminded that should he opt to file a second amended complaint, all allegations shall be contained in one pleading . . . .").  An appropriate Order will follow.

                                              **BY THE COURT:**

                                              /s/ Chad F. Kenney

                                              **CHAD F. KENNEY, J.**