**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TRAY ROBINSON,** | : | |
| *Plaintiff*, | : | |
| | : | |
| **v.** | : | **CIVL ACTION NO. 24-CV-2599** |
| | : | |
| **HENDERSON,** *et al.*, | : | |
| *Defendants*. | : | |

**ORDER**

**AND NOW**, this **29th** day of **August 2024**, upon consideration of Plaintiff Tray Robinson's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Second Amended Complaint (ECF No. 13), it is **ORDERED** that:

1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.    Tray Robinson, #QM-1955, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Robinson's inmate account; or (b) the average monthly balance in Robinson's inmate account for the six-month period immediately preceding the filing of this case.  The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case.  In each succeeding month when the amount in Robinson's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Robinson's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3.      The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Phoenix.

4.      This case is **DEEMED** filed.

5.      For the reasons stated in the Court's Memorandum, the claims in the SAC are **DISMISSED** <u>except for the following claims, which remain in this case</u>:

      a.   Excessive force claims for damages against Defendants Henderson and Koshy based on the June 14, 2023 indecent;

      b.   Deliberate indifference to safety claims and retaliation claims against Defendants Henderson, Love, and Jordan as described in the Court's Memorandum; and

      c.   Deliberate indifference claim against Jordan for failing to feed Robinson for eight days.

6.      The Clerk of Court is **DIRECTED** to **TERMINATE** the following Defendants from this case:  (a) Bora; (b) Ruiz; (c) Sipple; (d) Annino; (e) Terra; (f) Ashley; and (g) "Jordan Senkowski."

7.      The Clerk of Court is **DIRECTED** to **REINSTATE** Officer Jordan as a Defendant because her status on the docket is listed as terminated.

8.      The Clerk of Court is specially appointed to serve written waiver requests on the following Defendant(s), pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service, at the facility address for SCI Phoenix, 1200 Mokychic Drive, Collegeville, PA 19426:

      a.   Henderson

      b.   Love

      c.   Koshy

d.   Jordan

9.      The waiver of service requests shall be accompanied by a copy of the Second Amended Complaint (ECF No. 12), along with a copy of this Order and accompanying Memorandum, and shall inform the Defendant(s) of the consequences of compliance and failure to comply with the requests.  The requests shall allow the Defendants at least 30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers.

10.      If a signed waiver is not returned within the time limit given, the Court will issue subsequent orders to attempt to effect service by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

11.      The Clerk of Court is **DIRECTED** not to issue summonses until further order of this Court.

12.      No discovery will take place in this case until the Court enters a scheduling order or other order permitting discovery.  This means the Court **will not consider discovery motions** unless or until discovery is authorized.  At this early stage of the case, it cannot yet be determined if a hearing or discovery will be necessary for the disposition of this case.

13.      Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*) in accordance with Federal Rule of Civil Procedure 5(b), and Local Rule 5.1.2 where applicable, and should include any certificate of service required by Rule 5(d).

14.      Any request for court action shall be set forth in a motion, properly filed and served.  The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court.  The Federal Rules of Civil Procedure and Local Rules are to be followed.

Robinson is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days.  Failure to do so may result in dismissal.

15. Once discovery is permitted, Robinson should note Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."  In accordance with Local Rule 26.1(f), Robinson shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

16. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk of Court.

17. In accordance with Local Rule 5.1(b), the parties should notify the Clerk's Office of a new address within fourteen (14) days of an address change.  Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

18. Robinson may file a motion for voluntary dismissal of this case at any time if Robinson decides not to pursue it.  In making this decision, Robinson should consider the statute of limitations.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**